[17 NYS3d 759]

In the Matter of DAVID S. FRANKEL, an Attorney, Resignor.

Second Department, October 14, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for Grievance Committee for the Tenth Judicial District.

*Richard M. Maltz*, New York City, for resignor.

**OPINION OF THE COURT**

Per Curiam.

David S. Frankel (hereinafter the resignor) has submitted an affidavit sworn to on June 16, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9).

The resignor acknowledges in his affidavit that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress. He acknowledges that he is the subject of an ongoing investigation by the Grievance Committee for the Tenth Judicial District and that he has been informed that charges would be filed against him, based upon, inter alia, his misappropriation of approximately $5,769,281.17 entrusted to him in connection with a series of real estate transactions; his failure to maintain required bookkeeping records for his attorney special or trust account and to make the bookkeeping records available to the Grievance Committee; and his failure to fully and promptly comply with the Grievance Committee's requests for a written answer to the pending complaints of professional misconduct and other relevant records. The resignor acknowledges that if charges were predicated on the misconduct under investigation, he could not successfully defend himself on the merits against those charges.

The resignor's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The resignor states that he has discussed his decision to resign with his attorney, and is aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement for seven years.

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, DILLON, BALKIN and BARROS, JJ., concur.

Ordered that the resignation of David S. Frankel is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Frankel is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David S. Frankel shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Frankel shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David S. Frankel has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).